**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**VICKY NUCKOLLS**                                                          **PLAINTIFF**

**v.**                                          **4:19-CV-00750-LPR**

**DOLLAR TREE STORES INC.**                                        **DEFENDANT**

<u>**ORDER**</u>

On September 24, 2019, Plaintiff Vicky Nuckolls filed a Complaint in the Circuit Court of Garland County, Arkansas. (Doc. 2). On October 24, 2019, Defendant Dollar Tree Stores Inc. filed a Notice of Removal in the United States District Court for the Eastern District of Arkansas, Central Division. (Doc. 1). The Notice of Removal asserted that federal jurisdiction was proper because Plaintiff's Complaint established complete diversity and sought damages "in an amount in excess of the minimum amount required for jurisdiction in the United States District Courts." (Doc. 2 at 3). Plaintiff had thirty (30) days from the filing of the notice of removal to file a motion to remand. 28 U.S.C.A. § 1447(c). Plaintiff did not seek remand.

After the 30-day-window expired, the Court, *sua sponte*, raised the following issue: "Garland County is in the Western District, Hot Springs Division. Accordingly, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), it appears this case should have been removed to the Western District, Hot Springs Division." (Doc. 7). The Court directed each party to submit briefs detailing why the Court should (1) remand the case back to the Garland County Circuit Court, or (2) transfer the case to the Western District of Arkansas, Hot Springs Division. Both parties filed briefs requesting that the Court transfer the case to the Western District. (Doc.'s 8 and 9).

The Court is satisfied that it has subject matter jurisdiction. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953); *Scott v. N.Y. Admin. for Children's Servs.*, 678 F. App'x 56, 56-57 (3d Cir. 2017) (per curiam); *Peterson v. BMI Refractories*, 124 F.3d 1386, 1390-

94 (11th Cir. 1997); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 497 n.3 (5th Cir. 1996); *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644–45 (5th Cir. 1994); *cf. In re Norfolk S. Ry. Co.*, 592 F.3d 907, 912 (8th Cir. 2010) (concluding that 28 U.S.C. § 1445 is not a jurisdictional statute). To transfer this action to the Western District, the Western District must be a "district or division in which [the action] could have been brought" and transfer must be "in the interest of justice." 28 U.S.C § 1406(a).

## I. District or Division in which the action could have been brought

According to 28 U.S.C. § 1441(a), an action may be removed to "the district court of the United States for the district and division embracing the place where such action is pending." *See also* 28 U.S.C. § 1446(a). Plaintiff's Complaint was originally filed in Garland County. Garland County falls in the Western District, Hot Springs Division. Therefore, the Court may transfer the action to the Western District, Hot Springs Division, as it is the only "district [and] division in which [the action] could have been brought." 28 U.S.C § 1406(a).

## II. In the interest of justice

In *Goldlawr, Inc., v. Heiman*, the Supreme Court dissected the language and history of 28 U.S.C. § 1406. *See* 369 U.S. 463, 466-467 (1962). The Supreme Court concluded that Congress enacted § 1406 to avoid "time-consuming and justice defeating technicalities" relating to venue, when there is clear diligence on the part of the moving party. *Id.* The Defendant here made a mistake. But both parties clearly prefer a federal forum. (Doc.'s 8 and 9). And diversity jurisdiction exists. The Court is satisfied that transfer to the Western District is in the interest of justice, especially given the direction from §§ 1441(a) and 1446(a) that the case belongs in that District.

IT THEREFORE ORDERED THAT:

The Court transfers this action to the Western District of Arkansas, Hot Springs Division.
Transfer is to occur immediately.

IT IS SO ORDERED THIS 12TH DAY OF DECEMBER, 2019.


Lee P. Rudofsky
UNITED STATES DISTRICT JUDGE